```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                   │
│ DATE FILED: June 29, 2015                 │
└─────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                           :

EUGENE T. BENJAMIN,                           :

                       Plaintiff,                 :

                       -v-                   :           14-cv-2982 (KBF)

T.U.C.S.,                                   :           OPINION & ORDER

                       Defendant.              :

------------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

On April 23, 2014, pro se plaintiff Eugene T. Benjamin filed this action initially alleging that defendant, T.U.C.S. Cleaning Service, Inc., had subjected him to age-based discrimination and retaliation. (ECF No. 2.) On October 15, 2014, plaintiff filed the operative Second Amended Complaint ("SAC") changing his claim to one of gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and New York City Human Rights Law ("NYCHRL"). (ECF No. 16.) This action arose after defendant awarded a full-time position to a female employee who was less senior than the male plaintiff, though the position was female only and plaintiff was not the most senior male on the stand-by list of employees.

Initially before this Court was defendant's motion to dismiss the Second Amended Complaint. (ECF No. 20.) Despite being mailed a copy of the motion to dismiss (ECF No. 24), plaintiff missed his initial deadline to respond and has not otherwise responded to defendant's motion. The Court is to accordingly consider the

motion unopposed but nonetheless consider its merits.  See Goldberg v. Danaher,

599 F.3d 181, 183 (2d Cir. 2010) (explaining that district courts should consider the

merits of a motion to dismiss rather than automatically grant the motion if a

plaintiff fails to respond).

On May 1, 2015, the Court converted this motion to one for summary

judgment under Rule 56, pursuant to Rule 12(d).  (ECF No. 29.)  It did so in order to

examine documents that were outside the pleadings, namely several documents

defendant filed through the Declaration of Cindy Schmitt Minniti in support of its

motion to dismiss. (ECF No. 22.)  The Court set a schedule for plaintiff to "present

all the material that is pertinent to the motion" and respond to defendants'

documents, which had already been served on him.  (Id.)  The Court subsequently

extended that deadline to June 15, 2015, upon request by plaintiff.  (ECF No. 31.)

Defendants submitted a statement pursuant to Local Civil Rule 56.1 and additional

declarations in support of the motion.  (ECF Nos. 33-37.)  Plaintiff once again failed

to file anything.

For the reasons set forth below, the Court hereby GRANTS defendant's

motion and dismisses this case.

I.    BACKGROUND[1]

Plaintiff is an employee of the defendant, which provides building
maintenance services to both public and private companies.  (SOF ¶¶ 3, 6.)  Plaintiff
is also a member of Local 32BJ, Service Employees International Union ("Local
32BJ"), which has a collective bargaining agreement (the "CBA") with the
defendant.  (Id. ¶¶ 5, 8.)  One of defendant's clients is Port Authority, where
plaintiff had worked as a cleaner since 2002.  (Id. ¶ 5.)  As part of its business with
the Port Authority, defendant is required to operate within the policies
implemented at Port Authority.  (Id. ¶ 11.)  As such, defendant is required to abide
by applicable collective bargaining agreements when staffing positions at Port
Authority, including any seniority provisions.  (Id. ¶ 12.)

In July 2009, the Port Authority requested that, due to budgetary reasons,
defendant reduce hours and services; accordingly, defendant laid off several
employees and moved others to stand-by positions.  (Id. ¶¶ 13-14.)  In accordance
with the CBA, employees were laid off and placed on stand-by in reverse seniority
order.  (Id. ¶ 15.)  Plaintiff was moved to a stand-by position as part of the reduction
in force.  (Id. ¶ 16.)

Plaintiff alleges that defendant engaged in gender discrimination and
retaliation pursuant to Title VII and NYCHL.  (SAC at 3.)  Specifically, plaintiff

---

[1] The following facts are taken from the Local Rule 56.1 statement and supporting materials
submitted by defendant in connection with the motion for summary judgment.  (ECF No. 36
("SOF").)  As plaintiff has not submitted a 56.1 statement, counterstatement, or affirmation, the
Court cites to defendant's factual submission only when it supports a factual proposition, cites
relevant material, and is not contradicted in pertinent part by the SAC or evidence that would be
admissible.  See Local Civil Rule 56.1(d).

alleges that he was discriminated and retaliated against on the basis of his gender when defendant allegedly failed to honor the seniority rules of the CBA with his union, Local 32BJ.  (Id.)  According to a February 24, 2011 letter from the National Labor Relations Board ("NLRB"), plaintiff alleged that defendant awarded a vacant full-time position at the Port Authority to a woman on the stand-by list, "despite her being less senior than several men on the list."  (Decl. of Cindy Schmitt Minniti in Supp. of Def.'s Converted Motion for Summary Judgment ("Minniti Decl."), Ex. B, ECF No. 33.)  The NLRB found, however, that plaintiff was not qualified for the position: "You were not the most senior man on the list and so by strict seniority you would not have been entitled to the position."  (Id.)  The position was, in fact, a "female only" position by job description and posting, though it had previously been staffed by men, and the NLRB found no basis to contest the re-designation of the position as female only.  (Id.)  Defendant asserts that the Port Authority required a "female only" cleaner because the job involved spending the majority of working time inside female lavatories while the facilities remained open to the public for use.  (SOF ¶¶ 27-32.)  The female employee who was awarded the position was the most senior woman on the stand-by list at the time.  (Id. ¶ 39.)  Plaintiff was only the third most senior qualified male employee at the time of the cleaner position vacancy.  (Id. ¶ 37.)

Plaintiff was ultimately awarded a full-time position in 2011.  (Id. ¶ 52.)  He remains employed by defendant on a full-time basis.  (Id. ¶ 53.)

II.    STANDARD OF REVIEW

The Court converts defendant's motion to one for summary judgment. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quoting Fed.R.Civ.P. 12(d)).

Summary judgment may not be granted unless the movant shows, based on admissible evidence in the record placed before the court, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial. Id. at 322-23.  In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue of material fact for trial. Price v. Cushman & Wakefield, Inc., 808 F. Supp. 2d 670, 685 (S.D.N.Y. 2011); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "[A] party may not rely on mere speculation or conjecture as to the true

nature of the facts to overcome a motion for summary judgment," as "[m]ere

conclusory allegations or denials . . . cannot by themselves create a genuine issue of

material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159,

166 (2d Cir. 2010) (citations omitted); see also Price, 808 F. Supp. 2d at 685 ("In

seeking to show that there is a genuine issue of material fact for trial, the non-

moving party cannot rely on mere allegations, denials, conjectures or conclusory

statements, but must present affirmative and specific evidence showing that there

is a genuine issue for trial.").

Only disputes relating to material facts—that is, "facts that might affect the

outcome of the suit under the governing law"—will properly preclude the entry of

summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see

also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586

(1986) (stating that the non-moving party "must do more than simply show that

there is some metaphysical doubt as to the material facts").  The Court should not

accept evidence presented by the nonmoving party that is so "blatantly contradicted

by the record . . . that no reasonable jury could believe it."  Scott v. Harris, 550 U.S.

372, 380 (2007).  If the evidence favoring the non-moving party is "merely colorable,

or is not significantly probative, summary judgment may be granted."  Anderson,

477 U.S. at 249-50 (citations omitted).

In reviewing a motion for summary judgment involving a non-moving pro se

plaintiff, the Court liberally construes the pleadings and briefs submitted by the

plaintiff, "reading such submissions 'to raise the strongest arguments they

suggest.'" Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Nevertheless, a pro se plaintiff may

not simply rely on his or her complaint to defeat the motion—they must submit

evidence of their own.  See Champion v. Artuz, 76 F.3d 483, 485-86 (2d Cir. 1996).

Summary judgment may be "appropriate even in the fact-intensive context of

discrimination cases." Abdu-Brisson v. Delta Air Lines, 239 F.3d 456, 466 (2d Cir.

2001).  The Court must decide whether a plaintiff can satisfy his or her "ultimate

burden of persuading the trier of fact that the defendant intentionally discriminated

against" him or her.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143

(2000) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

III.    DISCUSSION

Title VII of the Civil Rights Act of 1964 states: "It shall be an unlawful

employment practice for an employer (1) to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such

individual's . . . sex."  42 U.S.C. § 2000e–2(a).  Though plaintiff alleged age

discrimination in his First Amended Complaint, he did not include this claim in his

SAC.  "A party may voluntarily drop claims by choosing not to include them in a

proposed amended pleading.  In such a circumstance, it is appropriate for the Court

to dismiss the abandoned claims with prejudice." Allen v. N.Y.C. Hous. Auth., No.

10 Civ. 168, 2012 WL 4794590, at *4 (S.D.N.Y. Sept. 11, 2012) (dismissing pro se

plaintiff's claims, which were voluntarily omitted in the amended pleading, with

prejudice). As a result, this Court will only consider the plaintiff's gender discrimination and retaliation claims.[2]

A.   Gender Discrimination

In order to establish a prima facie case of Title VII gender discrimination for failure to promote, a plaintiff ordinarily must demonstrate that: "(1) []he is a member of a protected class; (2) []he applied and was qualified for a job for which the employer was seeking applicants; (3) []he was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." Petrosino v. Bell Atl., 385 F.3d 210, 226 (2d Cir. 2004). "A plaintiff cannot establish a prima facie case of discrimination under Title VII based on 'purely conclusory allegations of discrimination, absent any concrete particulars.'" Moccio v. Cornell Univ., 889 F. Supp. 2d 539, 572 (S.D.N.Y. 2012) (quoting Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985) (internal quotation marks omitted)).

Here, it is undisputed that plaintiff is male and that it is unlawful for an employer to discriminate against any individual with respect to a promotion because of his sex. See 42 U.S.C. § 2000e–2(a); see also Mendelsohn v. Univ. Hosp., 178 F. Supp. 2d 323, 328 (E.D.N.Y. 2002) (citing Oncale v. Sundowner Offshore

---

[2] Even if plaintiff intended to claim age discrimination in his SAC, the claim would nonetheless fail because he alleges no facts in his SAC related to age discrimination – and thus there is no triable issue on that basis. "In order to establish a prima facie case of age discrimination, the plaintiff must show that he was (1) within the protected age group; (2) qualified for the position; (3) discharged; and (4) that such discharge occurred under circumstances giving rise to an inference of discrimination." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). The facts section of the SAC only alleges "discrimination by gender" and makes no reference to the plaintiff's age. (SAC at 3.) Further, the plaintiff does not allege termination of his employment or that he was even qualified (here, he was not even the most senior man available for the job). (Id. at 2-3.)

Services, Inc., 523 U.S. 75, 77 (1998)).  It is also undisputed that plaintiff was

rejected for the position.  There is no triable issue, however, on the second prong—

that he applied and was qualified for the position at issue.  Plaintiff was on a

stand-by list for the position at issue, so the Court will assume that plaintiff applied

for the position.  Plaintiff, however, was not qualified for the position on the basis of

either seniority or gender.  Indeed, the February 24, 2011 letter from the NLRB

stated that (1) plaintiff was not qualified for the position based on seniority; and (2)

the position was actually a female only position by job description and posting.

(Minniti Decl., Ex B.)  Defendant did not discriminate against plaintiff on the basis

of gender when it hired a female employee for a full-time female position instead of

the plaintiff.

The plaintiff also does not allege any facts in the SAC sufficient to give rise to

a plausible inference as to the fourth prong – that the position remained open and

the employer continued to seek applicants having the plaintiff's qualifications.

Indeed, because the position was a female only position, the employer did not seek

any male applicants.

Even under the broader NYCHRL standard, there is no triable issue on the

gender discrimination claim.  Courts must analyze NYCHRL claims separately and

independently from any federal and state law claims.  See Restoration Act § 1; see

also Hernandez v. Kaisman, 103 A.D.3d 106, 113 (1st Dep't 2012).  Thus, even if the

challenged conduct is not actionable under federal and state law, federal courts

must consider separately whether it is actionable under the broader New York City

standards.  Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109

(2d Cir. 2013).  To establish a gender discrimination claim under the NYCHRL, the

"plaintiff need only demonstrate 'by a preponderance of the evidence that she has

been treated less well than other employees because of her gender.'"  Mihalik, 715

F.3d at 110 (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 39 (1st Dep't

2009)).  As noted, the position at issue was a female only position and plaintiff was

not even the most senior male employee eligible for hire from the stand-by list.

(Minniti Decl., Ex. B, at 1.)  Because plaintiff does not allege any other facts giving

rise to a reasonable inference that he was "treated less well" because of his gender,

his gender discrimination claim under NYCHRL is dismissed.[3]

B.    Retaliation

Plaintiff's claim of retaliation must also be dismissed.  "To establish a prima

facie case of retaliation, an employee must show [1] participation in a protected

activity known to the defendant; [2] an employment action disadvantaging the

plaintiff; and [3] a causal connection between the protected activity and the adverse

employment action."  Allen v. N.Y.C. Dep't of Envtl. Prot., No. 13 Civ. 203, 2014 WL

5011096, at *8 (S.D.N.Y. Sept. 30, 2014) (quoting Terry v. Ashcroft, 336 F.3d 128,

---

[3] Defendant also argues that plaintiff's NYCHRL claims are preempted by the Labor Management
Relations Act § 301 because the resolution of the city claims depend on the interpretation of a
collective bargaining agreement.  Drawing all reasonable inferences in plaintiff's favor, however, the
Court assumes that plaintiff asserts his gender discrimination and retaliation claims under
NYCHRL, independent of his contractual right arising from the agreement between Local 32BJ and
defendant, and does not need to consider the question of whether his NYCHRL claims are
preempted.  Otherwise, where a plaintiff has not identified any source of his claimed contract rights
other than a collective bargaining agreement, plaintiff's claims must be construed as preempted by
LMRA § 301.  Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 405 (S.D.N.Y. 2012)
(citing Doyle v. United Airlines, Inc., 914 F. Supp. 2d 325, 336 (E.D.N.Y. 2012)).  Regardless, the
NYCHRL claims fail for the reasons stated.

141 (2d Cir. 2003) (internal quotation marks omitted)).  As plaintiff's SAC contains no facts related to any action taken by the defendant other than its decision not to award plaintiff a full-time position, there is no triable issue on the retaliation claim. Plaintiff alleges no protected activity; this claim must therefore be dismissed.

Plaintiff's retaliation claim further fails under the NYCHRL's broader standard.  To prevail on a retaliation claim under the NYCHRL, the "plaintiff must show that she took an action opposing her employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action . . ." Mihalik, 715 F.3d at 112.  Plaintiff submitted the EEOC Letter and thereby demonstrates that he opposed the alleged gender discrimination, but he fails to offer any facts to suggest that the defendant engaged in conduct that was reasonably likely to deter plaintiff from taking any action to oppose the alleged discrimination.  The plaintiff's NYCHRL gender retaliation claim must therefore be dismissed.

Further, plaintiff appears to have failed to raise the gender retaliation claim with the EEOC, which would bar his claim.  "A district court may only hear claims that are either included in the EEOC charge or are based on conduct which is reasonably related to conduct alleged in the EEOC charge." Fiscina v. N.Y.C. Dist. Council of Carpenters, 401 F. Supp. 2d 345, 356 (S.D.N.Y. 2005).  The November 10, 2010 EEOC Notice of Charge of Discrimination indicated that plaintiff purported to assert a race discrimination claim against defendant, but not a claim for either gender discrimination or retaliation.  (Minniti Decl., Ex. C.)  Plaintiff filed a formal

11

Charge of Discrimination with the EEOC and New York State Division of Human Rights alleging that was bypassed for promotion based on his gender (male) and race (black); but he did not assert a claim of retaliation.  (Id.)  As the allegations are insufficient to support the filing of a retaliation charge with the EEOC,[4] the Court dismisses the retaliation claim on the basis that the plaintiff failed to state a claim of gender retaliation.

IV.   CONCLUSION

For the reasons set forth above, defendant's motion to dismiss, converted to a motion for summary judgment, is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[4] The Court ultimately does not need to reach the question of whether plaintiff filed with the EEOC within the required timeframe because plaintiff's gender discrimination and retaliation claims are dismissed for failure to state a claim.  An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act.  Petrosino v. Bell Atl., 385 F.3d 210, 219-20 (2d Cir. 2004). There are differing accounts of when the alleged gender discrimination occurred and when plaintiff filed a charge with the EEOC.  Plaintiff claims in the SAC that the alleged discrimination occurred on April 10, 2009 and that he filed a charge with the EEOC on April 22, 2009.  (SAC at 3-4.)  The defendant points to the EEOC Letter, which refers to a July 1, 2010 incident reported by the plaintiff himself, and asserts that plaintiff filed a charge regarding gender discrimination and retaliation with the EEOC on April 27, 2012.  (Def.'s Mem. 3.)  Plaintiff does not attempt to reconcile the April 10, 2009 incident date in his SAC with the July 1, 2010 date in the EEOC Letter, which he attached to the SAC.

The Clerk of Court is directed to close the motion at ECF No. 20, and to terminate this action.

SO ORDERED.

Dated:        New York, New York
              June 29, 2015


                                    _____
                                         KATHERINE B. FORREST
                                       United States District Judge


cc:
Eugene T. Benjamin
351 W. 44th Street
B-15
New York, NY 10036